UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 AUG 10 P 2: 21

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | 3:05cv764-F |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC., ROY TERRY, | ) | |
| RUDOLPH TERRY and | ) | |
| TERRY MANUFACTURING | ) | |
| COMPANY, INC. 401(k) | ) | |
| PROFIT SHARING PLAN, | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("Secretary") alleges as follows:

1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. This court has subject matter jurisdiction over this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue lies in the Middle District of Alabama pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The Terry Manufacturing Company, Inc., 401(k) Profit Sharing Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to section 4(a), 29 U.S.C. § 1003(a) and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Terry Manufacturing Company, Inc., ("Terry Manufacturing" or "the Company"), an Alabama corporation and, at relevant times, the plan sponsor and plan administrator, is or was a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A), (B) and (C).

6. Roy Terry, an individual who is or was a Company officer and shareholder, a Plan Trustee and a Plan Advisory Committee member, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C.

§ 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A), (B), (E) and (H).

7. Rudolph Terry, an individual who is or was a Company officer and shareholder, a Plan Trustee and a Plan Advisory Committee member, was at all relevant times a "fiduciary" to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A), (B), and (H).

8. The Plan was established by the Company and Roy and Rudolph Terry in 1994.

9. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

10. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

11. For payroll periods between January 1, 2001 and July 7, 2003, Defendants withheld employee contributions to the Plan in the approximate amount of $140,000, failed to segregate those contributions from Company assets as soon as they reasonably

could do so and failed to timely forward them to the Plan in accordance with ERISA and the governing Plan documents.

12. During the periods that participant contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

13. Defendants caused or allowed the commingled funds referred to in the preceding paragraphs to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

14. Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

15. Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

16. By the actions described in paragraphs 11 through 15, Defendants, as fiduciaries of the Plan,

   a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

reasonable expenses of administering the Plan, in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

c) failed to act in accordance with the documents and instruments governing the Plan, in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

d) failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a);

e) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1);

f) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or

5

for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      g)   dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      h)   acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

17. Defendants are each liable for the breaches of the other, pursuant to section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of section 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.   Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations

B.   Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, §1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. §1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C.   Direct that the Plan's successor fiduciary shall, at Defendants' expense, to receive any funds recovered as a result of this action and distribute the proceeds to the Plan or the participants as appropriate;

D.   Permanently enjoin Defendants from serving as fiduciaries, administrators, officers, trustees, custodians, agents, employees, representatives, or having control over the assets of any employee benefit plan subject to ERISA;

E.   Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

F.    Award Plaintiff the costs of this action; and

G.    Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
  (404) 562-2057
  (404) 562-2073 (FAX)

SOL Case No. 05-30067

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By: _____
THOMAS C. SHANAHAN
Counsel

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.