## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO,** | \| |
| **Secretary of Labor,** | \| |
| **United States Department of Labor,** | \| |
| | \| |
| **PLAINTIFF,** | \| |
| | \| |
| **vs.** | \|     CIVIL ACTION NO. 3:05CV 764-F |
| | \| |
| **TERRY MANUFACTURING** | \| |
| **COMPANY, INC., ROY TERRY,** | \| |
| **RUDOLPH TERRY and** | \| |
| **TERRY MANUFACTURING** | \| |
| **COMPANY, INC. 401(k)** | \| |
| **PROFIT SHARING PLAN,** | \| |
| | \| |
| **DEFENDANTS.** | \| |

### TERRY MANUFACTURING COMPANY, INC.
### 401(k) PROFIT SHARING PLAN'S ANSWER TO COMPLAINT

COMES NOW M. Larry Lefoldt ("Lefoldt"), as successor fiduciary of the Terry

Manufacturing Company, Inc. 401(k) Profit Sharing Plan (the "Plan"), by and through counsel,

for answer to the Plaintiff's Complaint says as follows:

1.    The Plan admits the allegations in paragraph 1.

2.    The Plan admits the allegations in paragraph 2.

3.    The Plan admits the allegations in paragraph 3.

4.    The Plan admits the allegations in paragraph 4.  Although the Plan is denominated

as a Defendant in the Complaint, the Plan responds to the Complaint on the understanding that,

and as if, the Plan will not be subject to any penalty or adverse consequence as a result of any

remedy or relief obtained by the Plaintiff, but rather the Plan will be the recipient of all monetary

damages that are recovered as a result of this action relating to the Plan's losses from the matters described in the Complaint. The Plan alleges that it would more properly be a plaintiff in this action.

5.    The Plan admits the allegations in paragraph 5.

6.    Based on information and belief, the Plan admits the allegations in paragraph 6.

7.    Based on information and belief, the Plan admits the allegations in paragraph 7.

8.    The Plan admits the allegations in paragraph 8.

9.    The Plan admits the allegations in paragraph 9.

10.    The Plan admits the allegations in paragraph 10.

11.    The Plan admits the allegations in paragraph 11, except that the Plan denies that Lefoldt, the current trustee and plan administrator of the Plan, was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan. The Plan alleges that approximately $140,000 in employee contributions were withheld, but not properly segregated, and that the Plan incurred damages and losses in addition to those resulting from the non-segregated employee contributions, including: damages for losses incurred as a result of the failure of the Company to make, and the failure of the Plan's then fiduciaries to collect from the Company, required employer contributions; the payment of excess distributions to certain Plan participants, former Plan participants, and/or beneficiaries; and lost earnings and costs associated with such damages and losses, including excessive costs of administration and attorneys fees and expenses.

12.    Based on information and belief the Plan admits the allegations in paragraph 12, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

2

13.    Based on information and belief the Plan admits the allegations in paragraph 13, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

14.    The Plan admits the allegations in paragraph 14, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

15.    Based on information and belief the Plan admits the allegations in paragraph 15, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

16.    Based on information and belief the Plan admits the allegations in paragraph 16, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

17.    Based on information and belief the Plan admits the allegations in paragraph 17, except that the Plan denies that Lefoldt was involved in the matters so alleged or has done anything improper in his capacity as a fiduciary of the Plan.

18.    The Plan concurs that the Plaintiff (and the Plan, to the extent applicable) is entitled to the relief that the Plaintiff seeks, except that the Plan denies that any adverse action should be taken against the Plan or Lefoldt and that the Plan and Lefoldt are entitled to further and additional relief, including damages for all the Plan's losses and costs of administration and attorneys fees and expenses.

3

Respectfully submitted,

s/ Robert T. Meadows, III
ROBERT T. MEADOWS, III (MEA012)
HENRY H. HUTCHINSON
**Attorneys for M. Larry Lefoldt, as successor
fiduciary of the Terry Manufacturing Company,
Inc. 401(k) Profit Sharing Plan**

OF COUNSEL:

CAPELL & HOWARD, P.C
Post Office Drawer 2268
Opelika, Alabama 36803
Phone: (334) 501-1540
Fax:    (334) 501-4512
Email: rtm@chlaw.com
LEAD ATTORNEY TO BE NOTICED

CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069
Email: hh@chlaw.com
Phone: (334) 241-8000
Fax:    (334) 323-8888

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas C. Shanahan, Esq.
Department of Labor/SOL
Room 7-T10
61 Forsyth Street S.W.
Atlanta, Georgia  30303

Roy D. Terry
P.O Box 1294
Roanoke, Alabama 36274

4

Rudolph Terry
1785 Loch Lomand Terrace
Atlanta, Georgia 30332

W. Dennis Schilling, Esq.
Counsel for Les Alexander, Chapter 7 Trustee
 of Terry Manufacturing Company, Inc.
Post Office Box 55147
Birmingham, AL  35255-5147

  I ALSO HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
via U.S. Mail, postage prepaid, this the 6th day of September, 2005, to the individuals listed above.


         s/ Robert T. Meadows, III
         Of Counsel