IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, **Secretary of Labor, United States Department of Labor,** Plaintiff, vs. **TERRY MANUFACTURING COMPANY, INC., ROY TERRY, RUDOLPH TERRY, and TERRY MANUFACTURING COMPANY, INC. 401(k) PROFIT SHARING PLAN,** Defendants. | CIVIL ACTION NO: 3:05-CV-764-F |

## ANSWER OF TERRY MANUFACTURING COMPANY, INC.

COMES NOW Terry Manufacturing Company, Inc. (hereinafter "Terry Manufacturing") by and through J. Lester Alexander, III, as the duly appointed and acting Chapter 7 Trustee of Terry Manufacturing, and files the following as the Answer of Terry Manufacturing to the Complaint:

1.   In response to paragraph 1 of the complaint, defendant admits that plaintiff seeks to bring this action under the Employee Retirement Security Income Act of 1974 ("ERISA"). Defendant denies that plaintiff has stated a claim upon which relief may be granted against this defendant under ERISA and denies that

plaintiff is entitled to any of the relief requested in the complaint or to any other relief.

2. Defendant denies the allegations contained in paragraph 2 of the complaint.

3. Defendant denies the allegations contained in paragraph 3 of the complaint.

4. Defendant admits that the Terry Manufacturing Company, Inc. 401(k) Profit Sharing Plan (hereinafter "the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Defendant is without sufficient knowledge or information to ascertain the truth or falsity of the remaining allegations contained in paragraph 4 of the complaint and therefore denies them.

5. In response to paragraph 5 of the complaint, defendant admits that Terry Manufacturing is an Alabama corporation currently under the protection of Chapter 7 of the United States Bankruptcy Code. Defendant further admits that Terry Manufacturing was a sponsor of the Plan. Defendant denies the remaining allegations contained in paragraph 5 of the complaint.

6. In response to paragraph 6 of the complaint, upon information and belief, defendant admits that Roy Terry was a named fiduciary of the Plan.

7. In response to paragraph 7 of the complaint, upon information and belief, defendant admits that Rudolph Terry was a named fiduciary of the Plan.

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. Defendant admits the allegations contained in paragraph 9 of the complaint.

10. In response to paragraph 10 of the complaint, defendant says that the allegation is a legal conclusion to which a response is not required. To the extent that the allegation requires a response, defendant admits that 29 C.F.R. § 2510.3-102 says what it says.

11. Defendant denies the allegations contained in paragraph 11 of the complaint to the extent that the allegations pertain to this defendant.

12. Defendant denies the allegations contained in paragraph 12 of the complaint to the extent that the allegations pertain to this defendant.

13. Defendant denies the allegations contained in paragraph 13 of the complaint to the extent that the allegations pertain to this defendant.

14. Defendant denies the allegations contained in paragraph 14 of the complaint to the extent that the allegations pertain to this defendant.

15. Defendant denies the allegations contained in paragraph 15 of the complaint to the extent that the allegations pertain to this defendant.

16. Defendant denies the allegations contained in paragraph 16 of the complaint to the extent that the allegations pertain to this defendant.

17. Defendant denies the allegations contained in paragraph 17 of the complaint to the extent that the allegations pertain to this defendant.

18. Defendant denies each an every allegation contained in the numbered paragraphs and elsewhere in the complaint except to the extent specifically admitted herein.

19. Defendant denies that plaintiff is entitled to the relief requested in the complaint or to any other legal or equitable relief.

IN FURTHER RESPONSE to the complaint, Defendant says as follows:

**FIRST DEFENSE**

20. Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

21. This court lacks subject matter jurisdiction over the substance of the allegations of the complaint.

**THIRD DEFENSE**

22. Venue is not proper in this District Court.

## FOURTH DEFENSE

23. Plaintiff has failed to join necessary and indispensable parties to this action.

## FIFTH DEFENSE

24. Any damages to any person or entity as alleged in the complaint is the result of intervening criminal actions by third parties not foreseeable by defendant.

## SIXTH DEFENSE

25. Defendant's conduct was justified and in good faith and without improper motive, malice, purpose or means.

## SEVENTH DEFENSE

26. The complaint should be dismissed in part pursuant to the doctrines of estoppel, waiver, unclean hands, laches, in pari delicto in that the actions or conduct of certain participants placed them in the position in which they found themselves with respect to participation in the Plan and their actions and/or conduct were in contravention of policies or procedures.

## EIGHTH DEFENSE

27. The claims are barred to the extent they arose outside the applicable statute of limitations period.

## NINTH DEFENSE

28. The Plan participants have failed to meet all conditions precedent to entitlement to benefits under the Plan.

## TENTH DEFENSE

29. Any recovery is limited to the terms, conditions, limitations and exclusions under the Plan.

## ELEVENTH DEFENSE

30. Plaintiff may not recover punitive, compensatory, consequential, or other extra-contractual damages under the substantive provisions of ERISA.

## TWELFTH DEFENSE

31. Defendant pleads the lack of cooperation on the part of certain Plan participants and the Trustee of the Plan.

## THIRTEENTH DEFENSE

32. Pursuant to 11 U.S.C. § 326. *et seq.*, among other things, this action is barred, in whole or in part, and/or enjoined by the automatic stay, entered by the bankruptcy court.

## FOURTEENTH DEFENSE

33. The Bankruptcy Court has exclusive jurisdiction over plaintiff's claims, thus divesting this Court of subject matter jurisdiction.

**FIFTEENTH DEFENSE**

34. No money judgment can be rendered against Terry Manufacturing or its assets or the estate, the claims being within the exclusive jurisdiction of the Bankruptcy Court.

**SIXTEENTH DEFENSE**

35. Any claim for money from the assets of the estate must be brought, satisfied and liquidated in the Bankruptcy Court through the established claims process.

WHEREFORE, having fully answered the complaint, defendant respectfully requests this Honorable Court to dismiss this action, in whole or in part, with prejudice, and award defendant its reasonable costs and attorney fees incurred in defending against this frivolous and vexatious action.

Respectfully submitted,

s/ James C. Pennington
Bar Number: ASB-1287-N62J
Email: james.pennington@ogletreedeakins.com

Christopher A. Mixon
Bar Number: ASB-8585-N77C
Email: christopher.mixon@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900

Fax No: (205) 328-6000

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas C. Shanahan, Esq.
Attorney for Plaintiff
Department of Labor/SOL
Room 7-T10
61 Forsyth Street S.W.
Atlanta, GA 30303

Robert T. Meadows, III, Esq.
Henry H. Hutchinson, Esq.
Attorneys for M. Larry Lefoldt, as successor
fiduciary of the Terry Manufacturing Company, Inc.
401(k) Profit Sharing Plan
Capell & Howard, P.C.
Post Office Drawer 2268
Opelika, Alabama 36803

John W. Hargrove, Esq.
Stacey T. Bradford, Esq.
Attorneys for Defendant Rudolph Terry
Bradley Arant Rose & White LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

     I also hereby certify that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid, this the 19th day of September, 2005, to the following:

Roy D. Terry
P.O. Box 1294
Roanoke, Alabama 36274

9