UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>          Plaintiff,<br><br>   v.<br><br>TERRY MFG. CO., INC., et al.,<br><br>          Defendants. | FILE NO.<br><br>3:05-CV-764-F |

**REPORT OF PARTIES' PLANNING MEETING**

    1.   <u>Meeting of Parties</u>:  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on October 12, 2005 at 1:00 pm CST/2:00 pm EST and was attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| Thomas C. Shanahan | Secretary of Labor |
| Christopher A. Mixon | Terry Mfg. |
| Stacey T. Bradford | Rudolph Terry |
| Henry H. Hutchinson | Terry Mfg. 401(k) Plan |

    2.   <u>Initial Disclosures</u>:

        a.   Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely

to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Fed. R. Civ. P.26(a)(1).[1]

---

[1] "A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  See Fed. R. Civ. P. 26(a)(1).

The parties will exchange information referenced by Fed. R. Civ. P. 26(a)(1) on or before **November 30, 2005**.[2]

3. Discovery Plan: The parties jointly propose the following discovery plan:

    a. Plaintiff's Planned Discovery: The discovery Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1) Requests for Admission:

**Plaintiff intends to serve no more than 25 Requests for Admission on each Defendant within the time indicated in (3)(a)(7) below. The subject matter of these Requests for Admission will relate to the allegations of the Complaint and matters raised in the Answer and affirmative defenses, if any, of the Defendants.**

        (2) Written Interrogatories:

**Plaintiff intends to serve no more than 25 Interrogatories each Defendant within the time indicated in (3)(a)(7) below. The**

---

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). "Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order." See Fed. R. Civ. P. 26(a)(1).

subject matter of these Interrogatories will relate to the allegations of the Complaint and matters raised in the Answer and Affirmative Defenses, if any, of Defendants.

        (3)  <u>Requests for Production or Inspection</u>:

Plaintiff intends to serve no more than 25 Requests for Production or Inspection on each Defendant within the time indicated in (3)(a)(7) below. The subject matter of these Requests will relate to the allegations of the Complaint and matters raised in the Answer and Affirmative Defenses, if any of the Defendants.

        (4)  <u>Oral Depositions</u>:

Plaintiff intends to take the oral depositions of each Defendant or its representative. Plaintiff may take the oral deposition of one or more additional persons if her written discovery and oral depositions reveal a need to do so. The depositions are expected to be taken between January 2, 2006 and May 26, 2006. The subject matter of these oral depositions will relate to the allegations of the Complaint and matters raised in the Answer and Affirmative Defenses, if any, of Defendant. Plaintiff shall be limited to no more than 10 depositions.

Plaintiff does not currently seek to extend the time to take any individual's deposition. If such an extension becomes necessary, Plaintiff will file a separate motion for same.

(5) <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**The Plaintiff does not intend to use expert testimony, but reserves the right to do so. If such expert testimony is to be used, disclosure shall be made in accordance with Rule 26(a)(2) on or before February 28, 2006. Disclosures to rebut Defendants' experts, if any, shall be disclosed on or before March 30, 2006.**

(6) <u>Supplementation of Disclosures and Responses</u>: Parties agree that the parties' supplementation under Fed. R. Civ. P. 26(e), if any, will be provided at the following times:

**Within 30 days of discovering the supplemental information or close of discovery, whichever comes first.**

(7) <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **May 26, 2006**.

b. <u>Defendants' Planned Discovery</u>: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)   <u>Requests for Admission</u>:  **Defendants each intend to serve no more than 25 Requests for Admission on any adverse party within the time indicated in (3)(a)(7) below.  The subject matter of these Requests for Admission will relate to the allegations of the Complaint and matters raised in the Answer and affirmative defenses, if any, of the Defendants.**

(2)   <u>Written Interrogatories</u>:  **Defendants each intend to serve no more than 25 written interrogatories on any adverse party within the time indicated in (3)(a)(7) below.  The subject matter of these written interrogatories will relate to the allegations of the Complaint and matters raised in the Answer and affirmative defenses, if any, of the Defendants.**

(3)   <u>Requests for Production or Inspection</u>:

**Defendants each intend to serve no more than 25 requests for production or inspection on any adverse party within the time indicated in (3)(a)(7) below.  The subject matter of these requests for production will relate to the allegations of the Complaint and matters raised in the Answer and affirmative defenses, if any, of the Defendants.**

(4)   <u>Oral Depositions</u>:

**Defendants intend to take oral depositions as necessary. The information sought in the depositions will relate to Plaintiff's allegations raised in its Complaint as well as in the Answer and affirmative defenses and their basis in law and in**

**fact. Each Defendant shall be limited to no more than 10 depositions.**

**Defendants do not currently seek to extend the time to take any individual's deposition. If such an extension becomes necessary, Defendants will file a separate motion for same.**

(5) <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Defendants' expert disclosures, if any, shall be made in accordance with Rule 26(a)(2)(C) on or before February 28, 2006. Disclosures to rebut Plaintiff's expert(s), if any, shall be disclosed on or before March 30, 2006.**

(6) <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within 30 days of discovering the supplemental information or close of discovery, whichever comes first.**

(7) <u>Completion of Discovery</u>: Defendants will commence all discovery in time for it to be completed on or before **May 26, 2006**.

c. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*,

handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties, through counsel, have met and made a good faith effort to set a discovery, motion and trial schedule based on the information known to them at this time and the Court's trial schedule. However, documents filed in other lawsuits involving Terry Manufacturing Company and media reports have described warehouses of company documents in disarray and voluminous missing records. Accordingly, the condition, volume and unavailability of relevant documents may impact the extent and timing of discovery necessary in this case in ways that cannot be anticipated at this time. If any party, acting in good faith, believes that additional time is necessary to conduct discovery, then such party shall make a motion requesting such an extension, which all parties have agreed shall not be unreasonably opposed by any other party.**

      d.   <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

      **None**

4.   Other Items

The parties **do not** request a conference with the court before entry of the scheduling order.

The parties request a pre-trial conference on or about **July 21, 2006**.

Plaintiff should be allowed until **February 17, 2006** to join additional parties and until **February 17, 2006** to amend the pleadings.  Defendants each should be allowed until **March 20, 2006** to join additional parties and until **March 20, 2006** to amend the pleadings.

All potentially dispositive motions should be filed by **April 21, 2006.**

The parties have agreed to meet on November 1, 2005 in Montgomery to fully explore settlement possibilities.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

From plaintiff by: **Fifteen days before pre-trial conference.**

From defendant by: **Fifteen days before pre-trial conference.**

The parties should have **10 days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by **August 21, 2006** consistent with the Court's published Montgomery trial schedule.

Submitted this 14th day of October, 2005.


For Defendant Rudolph Terry:


/s/Stacey T. Bradford
    STACEY T. BRADFORD
    Bradley Arant Rose & White LLP
    One Federal Place
    1819 5th Avenue North
    Birmingham, AL  35203


For Defendant Terry Manufacturing Co., Inc.:


/s/Christopher A. Mixon
    CHRISTOPHER A. MIXON
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    One Federal Place
    1819 Fifth Avenue North
    Suite 1000
    Birmingham, AL  35203-2118


For Defendant Terry Manufacturing 401(k) Plan:


/s/Henry H. Hutchinson
    HENRY H. HUTCHINSON
    Capell & Howard, P.C.
    P.O. Box 2069
    Montgomery, AL  36102-2069

For the Secretary of Labor:

| | |
|---|---|
| ADDRESS: | HOWARD M. RADZELY<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>/s/Thomas C. Shanahan<br>   THOMAS C. SHANAHAN<br>   Counsel |
| Telephone:<br> (404) 562-2057<br> (404) 562-2073 (FAX) | Georgia Bar No. 637598<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case No. 05-30067

11

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TERRY MFG. CO., INC., et al.,<br><br>　　　　　　Defendants. | FILE NO.<br><br>3:05-CV-764-F |

**CERTIFICATE OF SERVICE**

I certify that I electronically filed this 14th day of October, 2005 the Report of Parties' Planning Meeting with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the following attorneys:

Stacey T. Bradford:		sbradford@bradleyarant.com

Christopher A. Mixon:		christopher.mixon@ogletreedeakins.com

Henry H. Hutchinson:		hh@chlaw.com

John William Hargrove:		jhargrove@bradleyarant.com

Robert T. Meadows, III:		rtm@chlaw.com

				krista@chlaw.com

				roxie@chlaw.com

				　　　　　　　　/s/Thomas C. Shanahan
				　　　　　　　　THOMAS C. SHANAHAN
				　　　　　　　　Counsel
				　　　　　　　　Georgia Bar No. 637598

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Suite 7T10
Atlanta, GA  30303
(404) 562-2057
(404) 562-2073 (FAX)
shanahan.thomas@dol.gov