UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 3:05-CV-764-F |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY MFG. CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department
of Labor, pursuant to her authority under Sections 502(a)(2) and
502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the
Employee Retirement Income Security Act of 1974, as amended, 29
U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against
Defendants Terry Manufacturing Company, Inc. ("Terry
Manufacturing"), Roy Terry and Rudolph Terry.  The Complaint also
named the Terry Manufacturing Company, Inc. 401(k) Profit Sharing
Plan (the "Plan") as a nominal defendant, to which the losses
alleged by the Secretary of Labor are sought to be restored.
Defendants and the Secretary have agreed to resolve all matters
in controversy in this action and said parties do now consent to
entry of a Judgment and Order by this Court in accordance
herewith.

201218.1

A.    The Secretary's Complaint alleges that Defendants breached their fiduciary duties to the Plan in violation of Sections 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106.

B.    Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C.    Defendants neither admit nor deny the allegations in the Complaint.

D.    Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E.    This Order represents a complete settlement of all the Secretary's claims, which were, or might have been, asserted in this action against Defendants.  This Order is not binding upon any government agency other than the U.S. Department of Labor.

2

201218.1

F.    The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

G.    Terry Manufacturing Company, Inc. is the debtor in Case No. 03-32063 in the U.S. Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Action"). The case is being administered under Chapter 7 of the Bankruptcy Code, and J. Les Alexander serves as Trustee of the bankruptcy estate. The Trustee has applied for an order from the Bankruptcy Court authorizing him to enter into and execute this Consent Decree, which order was entered prior to the Trustee's execution of this Consent Decree.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1.    The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.    Defendants Roy Terry and Rudolph Terry, whether acting on their own or in active concert or participation with their agents, servants, employees or other persons, are

3

201218.1

permanently enjoined and restrained from violating the provisions
of Title I of ERISA.

3.    Defendants Roy Terry and Rudolph Terry, are
permanently enjoined from acting as fiduciaries, trustees,
agents, or representatives in any capacity to any employee
benefit plan, as defined by ERISA.

4.    Defendants Terry Manufacturing, Roy Terry and
Rudolph Terry shall be responsible, jointly and severally, for
restoring to the Plan the total amount of $400,000, as provided
in this paragraph.  Federal issued Executive Protection Policy
No. 8179-7335 (the "Policy") to Terry Manufacturing, and the
responsibility of Terry Manufacturing and Rudolph Terry for the
return of the $400,000 amount to the Plan shall be limited solely
to the proceeds of the Policy. Federal has reviewed the facts of
this case and determined that it will pay to the Plan the amount
of $400,000 on behalf of Terry Manufacturing and Rudolph Terry.
The amount paid in accordance with this Consent Judgment and
Order provides complete relief to the Plan for all claims
asserted by the Secretary in her Complaint.

5.    Upon payment by Federal as set forth herein,
Federal is released from any and all liability of any kind to any
person or entity under the Policy arising out of Federal's
investigation, handling, or settlement of this litigation.

201218.1

Additionally, the Plan, by and through M. Larry Lefoldt, as
Successor Plan Administrator and Trustee of the Plan, has joined
in this Consent Judgment and Order and has agreed to resolve and
release, subject to consummation of the settlement described in
this Consent Judgment and Order, including the payment to the
Plan of $400,000 for the benefit of the Plan and its
participants, any and all claims, causes of actions or rights,
including claims in the Terry Manufacturing Bankruptcy, that the
Plan asserted or could have asserted, against Defendants Terry
Manufacturing, including but not limited to its affiliated
persons, shareholders, directors, officers, employees,
subsidiaries, and commonly owned or controlled entities, Roy
Terry and Rudolph Terry relating to the Plan.  Further, the Plan
and Lefoldt as its administrator and trustee, agree to
irrevocably withdraw the Bankruptcy Claim filed by the Plan on
September 13, 2004 from the Bankruptcy Action with prejudice
within 14 days of the entry of this Consent Judgment and Order,
and agree not to assert any other claim, cause of action or right
against the bankruptcy estate of Terry Manufacturing or Terry
Uniform relating to the subject matter of this action or the Plan
claim.

      6.   The amount paid under this Consent Judgment and
Order shall be allocated by the Plan's Independent Fiduciary to

5

the accounts of all the participants and beneficiaries and to reasonable and necessary expenses of administration including, but not limited to, administration fees and legal fees, in accordance with the documents and instruments governing the Plan.

7.    Once the corrective actions required in the Consent Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(1), 29 U.S.C. § 1132(1). The penalty under Section 502(1) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4. However, based on the submissions regarding financial hardship from Roy Terry, Rudolph Terry and Terry Manufacturing, the Secretary has made a determination to waive the ERISA § 502(1) penalty.

8.    This Consent Judgment resolves all claims of Secretary's Complaint with the following exceptions:

a.    This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

b.    This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

6

201218.1

9.   Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This _____ day of _____, 2006.

_____
MARK E. FULLER

CHIEF UNITED STATES
DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

Plaintiff moves entry of
the foregoing Judgment:

TERRY MANUFACTURING CO., INC.

HOWARD M. RADZELY
Solicitor of Labor

By: _Shasta Alexander_____
    Les Alexander
    Chapter 7 Trustee

STANLEY E. KEEN
Regional Solicitor

By: _____
    THOMAS C. SHANAHAN
    Counsel

ROY TERRY

By:_____
    Roy Terry

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 562-2057
(404) 562-2073 (FAX)
Attorneys for Plaintiff

RUDOLPH TERRY

By:_____
    Rudolph Terry

TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:_____
    M. Larry Lefoldt
    Independent Fiduciary

7

201218.1

9.    Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This _____16th_____ day of _____January_____, 2006.

MARK E. FULLER

CHIEF UNITED STATES
DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

TERRY MANUFACTURING CO., INC.

By:_____
    Les Alexander
    Chapter 7 Trustee

ROY TERRY

By:_____
    Roy Terry

RUDOLPH TERRY

By:_____
    Rudolph Terry

TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:_____
    M. Larry Lefoldt
    Independent Fiduciary

Plaintiff moves entry of
the foregoing Judgment:

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By:_____
    THOMAS C. SHANAHAN
    Counsel

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 562-2057
(404) 562-2073 (FAX)
Attorneys for Plaintiff

7

201218.1

9.   Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This _____ day of _____, 2006.

                                    _____
                                    MARK E. FULLER

                                    CHIEF UNITED STATES
                                    DISTRICT JUDGE

Defendants consent to entry          Plaintiff moves entry of
of the foregoing Judgment:           the foregoing Judgment:

TERRY MANUFACTURING CO., INC.        HOWARD M. RADZELY
                                     Solicitor of Labor
By:_____
    Les Alexander                    STANLEY E. KEEN
    Chapter 7 Trustee                Regional Solicitor

                                     By:_____
ROY TERRY                                THOMAS C. SHANAHAN
                                         Counsel
By:_____
    Roy Terry
                                     Office of the Solicitor
                                     U.S. Department of Labor
RUDOLPH TERRY                        61 Forsyth Street, S.W.
                                     Room 7T10
By:_____           Atlanta, GA  30303
    Rudolph Terry                    (404) 562-2057
                                     (404) 562-2073 (FAX)
                                     Attorneys for Plaintiff
TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:_____
    M. Larry Lefoldt
    Independent Fiduciary

7

201218.1

9.    Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This _____ day of _____, 2006.

_____
MARK E. FULLER

CHIEF UNITED STATES
DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

Plaintiff moves entry of
the foregoing Judgment:

TERRY MANUFACTURING CO., INC.

HOWARD M. RADZELY
Solicitor of Labor

By:_____
    Les Alexander
    Chapter 7 Trustee

STANLEY E. KEEN
Regional Solicitor

ROY TERRY

By:_____
    THOMAS C. SHANAHAN
    Counsel

By:_____
    Roy Terry

RUDOLPH TERRY

By:_____
    Rudolph Terry

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 562-2057
(404) 562-2073 (FAX)
Attorneys for Plaintiff

TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:  _____
    M. Larry Lefoldt
    Independent Fiduciary

7