UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TERRY MFG. CO., INC., et al.,<br><br>Defendants. | FILE NO.<br><br>3:05-CV-764-F |

### CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Terry Manufacturing Company, Inc. ("Terry Manufacturing"), Roy Terry and Rudolph Terry. The Complaint also named the Terry Manufacturing Company, Inc. 401(k) Profit Sharing Plan (the "Plan") as a nominal defendant, to which the losses alleged by the Secretary of Labor are sought to be restored. Defendants and the Secretary have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

201218.1

A. The Secretary's Complaint alleges that Defendants breached their fiduciary duties to the Plan in violation of Sections 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106.

B. Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendants neither admit nor deny the allegations in the Complaint.

D. Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. This Order represents a complete settlement of all the Secretary's claims, which were, or might have been, asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor.

F. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

G. Terry Manufacturing Company, Inc. is the debtor in Case No. 03-32063 in the U.S. Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Action"). The case is being administered under Chapter 7 of the Bankruptcy Code, and J. Les Alexander serves as Trustee of the bankruptcy estate. The Trustee has applied for an order from the Bankruptcy Court authorizing him to enter into and execute this Consent Decree, which order was entered prior to the Trustee's execution of this Consent Decree.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants Roy Terry and Rudolph Terry, whether acting on their own or in active concert or participation with their agents, servants, employees or other persons, are

201218.1

permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants Roy Terry and Rudolph Terry, are permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. Defendants Terry Manufacturing, Roy Terry and Rudolph Terry shall be responsible, jointly and severally, for restoring to the Plan the total amount of $400,000, as provided in this paragraph. Federal issued Executive Protection Policy No. 8179-7335 (the "Policy") to Terry Manufacturing, and the responsibility of Terry Manufacturing and Rudolph Terry for the return of the $400,000 amount to the Plan shall be limited solely to the proceeds of the Policy. Federal has reviewed the facts of this case and determined that it will pay to the Plan the amount of $400,000 on behalf of Terry Manufacturing and Rudolph Terry. The amount paid in accordance with this Consent Judgment and Order provides complete relief to the Plan for all claims asserted by the Secretary in her Complaint.

5. Upon payment by Federal as set forth herein, Federal is released from any and all liability of any kind to any person or entity under the Policy arising out of Federal's investigation, handling, or settlement of this litigation.

4

201218.1

Additionally, the Plan, by and through M. Larry Lefoldt, as Successor Plan Administrator and Trustee of the Plan, has joined in this Consent Judgment and Order and has agreed to resolve and release, subject to consummation of the settlement described in this Consent Judgment and Order, including the payment to the Plan of $400,000 for the benefit of the Plan and its participants, any and all claims, causes of actions or rights, including claims in the Terry Manufacturing Bankruptcy, that the Plan asserted or could have asserted, against Defendants Terry Manufacturing, including but not limited to its affiliated persons, shareholders, directors, officers, employees, subsidiaries, and commonly owned or controlled entities, Roy Terry and Rudolph Terry relating to the Plan. Further, the Plan and Lefoldt as its administrator and trustee, agree to irrevocably withdraw the Bankruptcy Claim filed by the Plan on September 13, 2004 from the Bankruptcy Action with prejudice within 14 days of the entry of this Consent Judgment and Order, and agree not to assert any other claim, cause of action or right against the bankruptcy estate of Terry Manufacturing or Terry Uniform relating to the subject matter of this action or the Plan claim.

      6. The amount paid under this Consent Judgment and Order shall be allocated by the Plan's Independent Fiduciary to

201218.1

the accounts of all the participants and beneficiaries and to reasonable and necessary expenses of administration including, but not limited to, administration fees and legal fees, in accordance with the documents and instruments governing the Plan.

7.  Once the corrective actions required in the Consent Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4. However, based on the submissions regarding financial hardship from Roy Terry, Rudolph Terry and Terry Manufacturing, the Secretary has made a determination to waive the ERISA § 502(l) penalty.

8.  This Consent Judgment resolves all claims of Secretary's Complaint with the following exceptions:

   a.  This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

   b.  This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

201218.1

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This 24th day of January, 2006.

_____
MARK E. FULLER
CHIEF UNITED STATES
DISTRICT JUDGE

Defendants consent to entry of the foregoing Judgment:

TERRY MANUFACTURING CO., INC.

By: _Les Alexander_ (signed)
Les Alexander
Chapter 7 Trustee

ROY TERRY

By:_____
Roy Terry

RUDOLPH TERRY

By:_____
Rudolph Terry

TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:_____
M. Larry Lefoldt
Independent Fiduciary

Plaintiff moves entry of the foregoing Judgment:

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By: _(signed)_
THOMAS C. SHANAHAN
Counsel

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 562-2057
(404) 562-2073 (FAX)
Attorneys for Plaintiff
7
201218.1

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This __16th__ day of __January__, 2006.

_____ 24 Jan 2006
MARK E. FULLER
CHIEF UNITED STATES
DISTRICT JUDGE

| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
|---|---|
| TERRY MANUFACTURING CO., INC. | HOWARD M. RADZELY<br>Solicitor of Labor |
| By:_____<br>     Les Alexander<br>     Chapter 7 Trustee | STANLEY E. KEEN<br>Regional Solicitor |
| | By:_____<br>     THOMAS C. SHANAHAN<br>     Counsel |
| ROY TERRY<br>By: /s/ Roy Terry<br>     Roy Terry | |
| RUDOLPH TERRY | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>(404) 562-2057<br>(404) 562-2073 (FAX)<br>Attorneys for Plaintiff |
| By:_____<br>     Rudolph Terry | |
| TERRY MANUFACTURING COMPANY, INC.<br>401(k) PROFIT SHARING PLAN | |
| By:_____<br>     M. Larry Lefoldt<br>     Independent Fiduciary | |

7

201218.1

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This __24th__ day of __January__, 2006.

_____
MARK E. FULLER
CHIEF UNITED STATES
DISTRICT JUDGE

| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
|---|---|
| TERRY MANUFACTURING CO., INC. | HOWARD M. RADZELY<br>Solicitor of Labor |
| By:_____<br>   Les Alexander<br>   Chapter 7 Trustee | STANLEY E. KEEN<br>Regional Solicitor |
| ROY TERRY | By:_____<br>   THOMAS C. SHANAHAN<br>   Counsel |
| By:_____<br>   Roy Terry | |
| RUDOLPH TERRY | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>(404) 562-2057<br>(404) 562-2073 (FAX)<br>Attorneys for Plaintiff |
| By:_____<br>   Rudolph Terry | |
| TERRY MANUFACTURING COMPANY, INC.<br>401(k) PROFIT SHARING PLAN | |
| By:_____<br>   M. Larry Lefoldt<br>   Independent Fiduciary | |

7

201218.1

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees under the Equal Access to Justice Act, as amended.

This ___24th___ day of ___January___, 2006.

```
                                    _____
                                    MARK E. FULLER
                                    CHIEF UNITED STATES
                                    DISTRICT JUDGE
```

Defendants consent to entry of the foregoing Judgment:

TERRY MANUFACTURING CO., INC.

By:_____
   Les Alexander
   Chapter 7 Trustee


ROY TERRY

By:_____
   Roy Terry


RUDOLPH TERRY

By:_____
   Rudolph Terry


TERRY MANUFACTURING COMPANY, INC.
401(k) PROFIT SHARING PLAN

By:_____
   M. Larry Lefoldt
   Independent Fiduciary

Plaintiff moves entry of the foregoing Judgment:

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

By:_____
   THOMAS C. SHANAHAN
   Counsel

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 562-2057
(404) 562-2073 (FAX)
Attorneys for Plaintiff

7

201218.1